SEALED PLAINTIFF, Plaintiff–
Appellant,

v.

SEALED DEFENDANT # 1, Sealed De-
fendant # 2, Sealed Defendant # 3,
Sealed Defendant # 4, Sealed Defen-
dant # 5, Sealed Defendant # 6,
Sealed Defendant # 7, Sealed Defen-
dant # 8, and Sealed Defendant # 9,
Defendants–Appellees.

No. 06–1590–CV.

United States Court of Appeals,
Second Circuit.

Submitted: June 27, 2008.

Decided: Aug. 12, 2008.

Sealed Plaintiff, pro se.

Law Office of Sealed Defendant # 1, for defendants-appellees.

Before: MINER, McLAUGHLIN, and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

Sealed Plaintiff appeals from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*), dismissing *sua sponte* plaintiff's *pro se* complaint for failure to file an amended complaint in her actual name rather than a pseudonym and for other perceived pleading deficiencies. This appeal presents questions of first impression for our Court: (1) Under what circumstances may a plaintiff file a complaint using a pseudonym? and (2) What standard governs our review of a district court's decision to permit or deny a request to file under a pseudonym? As described in greater detail below, we hold that district courts must balance a plaintiff's interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants when determining whether to permit a plaintiff to

proceed under a pseudonym. Because this balancing necessarily entails an exercise of discretion, we review such determinations for abuse of discretion. In the instant case, we conclude that the District Court, operating without the benefit of the guidance we provide herein, erred by denying plaintiff's application to litigate under a pseudonym without first balancing the relevant interests. We further conclude that the District Court did not construe plaintiff's pleadings in a manner consistent with the liberality afforded *pro se* litigants. Accordingly, the judgment of the District Court is vacated, and the cause is remanded for further proceedings consistent with this opinion.

## BACKGROUND[1]

Sealed Plaintiff commenced this *pro se* action against state and municipal government entities and officers on October 5, 2005 under a "Jane Doe" pseudonym. Her complaint alleged, *inter alia,* physical and sexual assault in violation of her civil and constitutional rights, and she moved for a preliminary injunction and an order granting discovery for the purpose of identifying certain "John Doe" defendants. The District Court denied these motions in an Order dated October 24, 2005 and instructed plaintiff, *sua sponte,* to file an amended complaint that used her real name rather than a "Jane Doe" pseudonym. *See Sealed Plaintiff v. Sealed Defendant # 1,* No. 05–CV–1266, dkt. no. 4 ("Order"), at 10–11 (N.D.N.Y. Oct. 24, 2005) (the "October 24 Order"). The grounds for the Court's decision that plaintiff could not press her claims under a pseudonym were (1) "[t]he Rape Shield

Law in New York does not provide for the use of pseudonyms,"[2] (2) Rule 10(a) of the Federal Rules of Civil Procedure requires that "all the parties" be named in the title of the complaint, and (3) Rule 17(a) requires that the "real party in interest" prosecute the action. *Id.* at 3. The District Court also ordered that, to survive *sua sponte* dismissal, plaintiff's amended complaint must (1) allege the personal involvement of two defendants; (2) identify two "John Doe" defendants; (3) state a claim against the municipal defendant; (4) plead conspiracy with a greater level of detail; and (5) comply with relevant formatting rules (for example, the numbering of paragraphs). *Id.* at 3–8. The Court ordered that plaintiff must state in numbered paragraphs:

(i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

*Id.* at 8. Failure to file an amended complaint that complied with these specifications within thirty days, the Court warned, would result in the dismissal of the action. *Id.* at 11.

In a letter received by the District Court on November 9, 2005—two weeks after the October 24 Order—plaintiff described her attempts to comply with the Court's instructions to identify the "John Doe" defendants and requested the assis-

---

1. This action has been sealed by the District Court and by our Court. We unseal portions of the record only for the limited purposes of this opinion and only insofar as the record is referenced in this opinion. The underlying record in this action—both in this Court and

in the District Court—remains under seal until such time as the applicable sealing order is vacated.

2. Plaintiff had referenced this statute as a basis for filing under a pseudonym.

tance of the Court in connection with these efforts. *See Sealed Plaintiff*, dkt. no. 5 ("Document Rejection Order") (Nov. 22, 2005). Magistrate Judge Gustave J. Di Bianco, to whom the matter had been referred, responded thirteen days later in a letter that "rejected" plaintiff's *pro se* submission because (1) insofar as it constituted a motion for reconsideration, the submission (a) failed to comply with Local Rule 7.1(a), requiring that a memorandum of law and supporting affidavit accompany all motions, and (b) was untimely in any event; and (2) it failed to comply with the requirement of Rule 11 that *pro se* litigants sign their submissions to the Court. *Id.*

Within two weeks, plaintiff made a further submission to the District Court, which is not formally part of the record in this case because it was "rejected and returned" by Magistrate Judge Di Bianco rather than docketed and filed with the Court. *Sealed Plaintiff*, dkt. No. 6 ("Document Rejection Order"), at 1 (Nov. 30, 2005). In his order, the Magistrate Judge explained that this submission was rejected because it "fail[ed] to comply with the [October 24] Order" directing plaintiff that in order "to avoid dismissal of this action, [she] must file an Amended Complaint in which [she] state[s] [her] *real name and not a pseudonym.*" *Id.* Magistrate Judge Di Bianco granted plaintiff forty-five days "to file an Amended Complaint that fully complie[d] with Rules 8 and 10 of the Federal Rules of Civil Procedure, and the terms of the October 24, 2005 Order." *Id.*

Three months passed, and plaintiff had not yet filed an amended complaint. On March 9, 2006, the District Court dismissed the action without prejudice because of "[p]laintiff's failure to comply with the prior Orders of this Court and for her failure to file a viable pleading in this

action." *Sealed Plaintiff*, dkt. no. 7 ("Decision and Order"), at 2. Judgment was entered on March 10, 2006, and plaintiff filed a timely notice of appeal on March 27, 2006. At the same time, she also filed an application in the District Court for a subpoena in an apparent effort to identify certain defendants, explaining that "the [d]efendants will not comply with identification in this case unless ordered to do so by court order, and have in[ ] fact retaliated against the [p]laintiff for seeking out the name[s] of her assailants as the court has wished." *Sealed Plaintiff*, dkt. no. 10 ("Letter from Sealed Plaintiff"), at 1 (Mar. 27, 2006). In addition, she requested a restraining order protecting her from defendants' alleged "terror campaign [in retaliation] for speaking out and filing a complaint." *Sealed Plaintiff*, dkt. no. 11 ("Notice/Request"), at 1 (Mar. 27, 2006). The District Court denied these motions for lack of jurisdiction in light of the notice of appeal.

## DISCUSSION

This appeal raises questions of first impression for our Court: (1) Under what circumstances may a plaintiff file a complaint using a pseudonym? and (2) What standard governs our review of a District Court's decision to permit or deny a request to file under a pseudonym? This appeal also presents an occasion to emphasize the standards we have established for handling *pro se* litigation—standards which appear to have been overlooked by the District Court in this case.

## I. Plaintiff's Use of a Pseudonym

██ Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceed-

ings and therefore cannot be set aside lightly. Certainly, "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir.1997) (Posner, J.). Courts have nevertheless "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 685 (11th Cir.2001). Indeed, we have approved of litigating under a pseudonym in certain circumstances, *see, e.g., Smith v. Edwards,* 175 F.3d 99, 99 n. 1 (2d Cir.1999) ("For the sake of the privacy of plaintiff's child, pseudonyms for plaintiff and his family are employed throughout this opinion."), but we have not yet set forth the standard for permitting a plaintiff to do so, *see, e.g., Doe v. Menefee,* 391 F.3d 147, 149 n. 1 (2d Cir.2004) ("We decline to address the complex question of the applicable standards for litigating under a pseudonym under these circumstances."). Other Circuits have established such a standard, and several district courts in this Circuit have recently grappled with this issue. Drawing on both the rules adopted by other Circuits and the experience of the district courts of our Circuit, we now set forth the standard governing the use of pseudonyms in civil litigation in our Circuit.

■ The courts that have considered this issue have framed the relevant inquiry as a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure. In *Aware Woman Center,* the Eleventh Circuit explained that the "ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." 253 F.3d at 685 (internal quotation marks omitted). Likewise, the Tenth Circuit "weigh[s] the plaintiff's claimed right to privacy against the countervailing public interest in [open proceedings]," *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir.1998), as does the Fifth Circuit, *see Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. Unit A Aug.1981) (discussing "the balance pitting privacy concerns against the presumption of openness of judicial proceedings"). Similarly, the Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir.2000). Variations of the Ninth Circuit's formulation have been adopted previously by district courts in our Circuit. *See, e.g., Doe v. Del Rio,* 241 F.R.D. 154, 157 (S.D.N.Y.2006); *EW v. N.Y. Blood Ctr.,* 213 F.R.D. 108, 110 (E.D.N.Y.2003). We agree that the interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym. Accordingly, we endorse the Ninth Circuit's formulation and hold that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant.

■ This balancing of interests entails the consideration of several factors that have been identified by our sister Circuits and the district courts in this Circuit. We note with approval the following factors, with the caution that this list is non-ex-

haustive and district courts should take into account other factors relevant to the particular case under consideration: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," *Zavaras,* 139 F.3d at 803; *see also James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992); (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," *Jacobson,* 6 F.3d at 238; *see also Zavaras,* 139 F.3d at 803; *Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y.1996); (3) whether identification presents other harms and the likely severity of those harms, *see Advanced Textile Corp.,* 214 F.3d at 1068, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *Zavaras,* 139 F.3d at 803; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, *see Advanced Textile Corp.,* 214 F.3d at 1068, particularly in light of his age, *see Jacobson,* 6 F.3d at 238; *see also Del Rio,* 241 F.R.D. at 157; (5) whether the suit is challenging the actions of the government or that of private parties, *see Jacobson,* 6 F.3d at 238; *Frank,* 951 F.2d at 323; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, *see Advanced Textile Corp.,* 214 F.3d at 1068; (7) whether the plaintiff's identity has thus far been kept confidential, *see Del Rio,* 241 F.R.D. at 157; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his iden-

tity, *see Advanced Textile Corp.,* 214 F.3d at 1068; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," *Del Rio,* 241 F.R.D. at 157; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff, *cf. Aware Woman Ctr.,* 253 F.3d at 687.

■ Because this factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests, *see, e.g., Jacobson,* 6 F.3d at 239 ("[T]he judicial recognition of such factors [serves] as [a] guide[ ] to [the] proper exercise of discretion."), our review of a district court's decision to grant or deny an application to litigate under a pseudonym is for abuse of discretion. *See Aware Woman Ctr.,* 253 F.3d at 684 (reviewing a motion to proceed anonymously for abuse of discretion); *Zavaras,* 139 F.3d at 802; *Frank,* 951 F.2d at 323. A district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 169 (2d Cir.2001) (footnotes omitted).

■ In this case, the District Court's decision rests on just such an error of law. The District Court appears to have believed itself strictly bound by the requirement of Rule 10(a) that the title of a complaint include the names of "all the parties," *see* October 24 Order at 3,[3] and

---

**3.** The District Court also relied on the requirement of Rule 17(a) that the "real party in interest" prosecute the action. It is un-

clear how the use of a pseudonym conflicts with this requirement. *See Doe v. Del Rio,* 241 F.R.D. 154, 156 (S.D.N.Y.2006) ("The . . .

did not balance plaintiff's interest in proceeding anonymously against the interests of defendants and the public. In other words, it did not apply the correct legal standard to determine whether plaintiff's application to proceed under a pseudonym should be granted or denied.[4] The decision of the District Court was therefore the product of legal error. *See Zervos*, 252 F.3d at 169. Accordingly, we vacate the October 24 Order insofar as it denied plaintiff's application to prosecute her claims under a pseudonym.

## II. Construction of Pro Se Pleadings

▉▉▉ On occasions too numerous to count, we have reminded district courts that "when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir.2001)). This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings. As the Supreme Court has recently observed, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (internal quotation marks omitted). This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. *See McEachin*, 357 F.3d at 200. Accordingly, the "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of

cases." *Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir.2008).

The District Court, in its evaluation of plaintiff's *pro se* complaint, failed to apply these directives. As described above, the District Court instructed plaintiff to file an amended complaint that (1) alleged the personal involvement of two defendants; (2) identified two "John Doe" defendants; (3) stated a claim against the municipal defendant; (4) pleaded conspiracy with the requisite level of detail; and (5) complied with the relevant formatting rules. *See* October 24 Order at 4–8. Failure to do so, the District Court warned, would result in the *sua sponte* dismissal of the action. *See id.* at 11. We believe it was inappropriate for the District Court to threaten dismissal of all of plaintiff's claims against all of the defendants based on pleading deficiencies relating only to some of the defendants and the complaint's deviation from the relevant formatting rules. In light of the nature of plaintiff's claims—including physical and sexual assault—the District Court should have afforded plaintiff wider latitude in pressing her claims.

▉▉▉ Likewise, it was error for the District Court to issue specific instructions mandating the content and format of the putative amended complaint. As described above, the District Court ordered plaintiff to file a complaint that stated in numbered paragraphs:

> (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individ-

---

reference [in Rule 17(a)] to the 'name' of the real party in interest does not concern the formal requirements of captioning, which are governed by Rule 10(a), but rather ensures that the suing party possess the substantive right being asserted, thus protecting defendants against indiscriminate litigation by those lacking a real interest." (citing 6A Charles Alan Wright, Arthur R. Miller & Mary

Kay Kane, Federal Practice and Procedure, § 1541 at 321–22 (2d ed.1990))).

4. Of course, a district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.

ual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

October 24 Order at 8. We see nothing wrong with the suggestion that, as a matter of "best practices" or general guidance offered to all *pro se* litigants, plaintiffs should be asked to organize their complaints along these lines. Regardless of the best intentions of the District Court to organize a court file to facilitate prompt and effective review of plaintiff's claims, a threat to dismiss the action for failure to comply with these requirements is another matter altogether. Neither our rules nor our precedents authorize a district court to take such a step. As the Supreme Court has observed, "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (internal quotation marks and alteration omitted). Accordingly, a complaint need not contain detailed factual allegations—such as the dates of misconduct and the names of "each and every individual" involved in the misconduct that the District Court required plaintiff to provide in the amended complaint. There was no basis for the imposition of such mandatory guidelines.

█ Equally inappropriate, in our view, was the Magistrate Judge's decision to "reject and return" plaintiff's two submissions of November 2005. It is clear from the first submission, a copy of which is part of the record, that plaintiff sought assistance with identifying the "John Doe" defendants, as she was required to do by the District Court's October 24 Order. Construed liberally, this submission constituted a request for a discovery order or, at the very least, a conference of the parties to facilitate the identification of certain defendants. *See, e.g., Sanders v. Doe*, No. 05 Civ. 7005(RJS), 2008 U.S. Dist. LEXIS 40515, at *2 (S.D.N.Y. May 8, 2008) (In a *pro se* action, the district court ordered the "plaintiff to provide the NYPD with information to facilitate the identification of the John Doe Defendants" and "required that defense counsel make its best efforts to identify the John Doe Defendants in this case." (internal quotation marks omitted)). The Magistrate Judge's rejection of the submission as an untimely motion for reconsideration is inconsistent with the requirement that *pro se* pleadings be read liberally. Turning to plaintiff's second submission, we have no ability to discern its contents because a copy of the pleading was not made part of the record in this case. Hence an additional flaw of the "reject and return" policy adopted by the Magistrate Judge is that a reviewing court has no ability to determine what relief the *pro se* litigant sought from the district court and therefore is unable to determine whether the matter was resolved properly. The better course is for *pro se* submissions to be docketed and filed so that they appear in the record of the case. *See, e.g., Lombardo v. Holanchock*, No. 07 Civ. 8674(DLC), 2008 WL 2543573, *1 n. 1, 2008 U.S. Dist. LEXIS 48753, at *2 n. 1 (S.D.N.Y. June 25, 2008). If the submissions are deficient, that matter can be addressed through an order or letter of the district court or the magistrate judge. In light of the incomplete record here, we have no basis to determine whether the actions of the Magistrate Judge—intended, no doubt, to assist plaintiff in the formulation of her claims and to facilitate the progress of this action—were warranted.

For these reasons, we vacate the District Court's October 24 Order insofar as it held plaintiff to a pleading standard inconsistent with that applicable to *pro se* litigants.[5] Likewise, we vacate the District Court's Order dated March 9, 2006 and the judgment entered on March 10, 2006, dismissing plaintiff's complaint for failure to comply with the October 24 Order.

## CONCLUSION

Because the District Court, lacking the benefit of the guidance set forth herein, (1) denied plaintiff's request to litigate this action under a pseudonym without first balancing plaintiff's interest in anonymity against the public interest in disclosure and prejudice to defendants, and (2) subjected plaintiff's pleadings to a standard far stricter than that applicable to *pro se* litigants, we VACATE the District Court's Order of October 24, 2005. We also VACATE the District Court's Order of March 9, 2006 and the judgment entered on March 10, 2006, dismissing plaintiff's complaint *sua sponte* for failure to comply with the October 24, 2005 Order. We REMAND the cause for further proceedings consistent with this opinion. In light of the serious nature of the claims pressed in this action, we encourage the district court to consider whether the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) is warranted. The mandate shall issue forthwith, and jurisdiction shall be returned to this Court, pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), upon a letter request from any party. Upon such a restoration of jurisdiction, the matter is to be referred to this panel.

---

**5.** In light of the vacatur of that portion of the Order denying plaintiff's application to file under a pseudonym (see Part I), the Order of October 24, 2005 is vacated in its entirety.